UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV 23-9540-MWF                                  **Date:** June 27, 2024
**Title:** In Re: Allana Baroni

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Appellant: | Attorneys Present for Appellee: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DISMISSING APPEAL

Debtors Allana and James Baroni and their counsel Richard Antognini (collectively "Appellants") filed the Notice of Appeal initiating this action on November 12, 2023. (Docket No. 1). On March 7, 2024, the Court filed a notice that it had received the bankruptcy record and that the Opening Brief was due on April 8, 2024. (Docket No. 10). As of June 27, 2024, Appellants have not filed an Opening Brief.

The Ninth Circuit has held that "unless there are egregious circumstances, the district court must, as the general rule requires, explicitly consider relative fault and alternative sanctions." *In re Fitzsimmons*, 920 F.2d 1468, 1474 (9th Cir. 1990). But the "existence of bad faith" may also justify a dismissal of a bankruptcy appeal based on non-compliance with non-jurisdictional procedural rules and court orders. *Id.* Indeed, a finding of "bad faith constitutes egregious circumstances which can warrant dismissal even without the explicit consideration of alternative sanctions and relative fault." *Id.* Further, "[d]ilatory conduct that constitutes bad faith includes 'extreme and unexcused delay in complying with the requirements'" of the Federal Rules of Bankruptcy Procedure. *In re Aspen Healthcare, Inc.*, 265 B.R. 442, 447 (N.D. Cal. 2001) (finding bad faith, in part, because "appellant [] provided no plausible explanation for its failure timely to complete the record on appeal" (citation omitted)).

Here, the Court has little trouble concluding that the long delay in perfecting this appeal, the unexplained failure to file an Opening Brief by the deadline, and the numerous other frivolous appeals brought by Appellants justify a finding of bad faith

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 23-9540-MWF | **Date:**  June 27, 2024 |
| **Title:**  In Re: Allana Baroni | |

and egregious circumstances warranting dismissal.  Additionally, lesser sanctions have proven ineffective.  The Court has already warned Appellants that failure to meet deadlines would result in dismissal without further notice.  (*See* Docket No. 6 at 2). *See Fitzsimmons*, 920 F.2d at 1474 n.5 (noting that district courts demonstrate consideration of alternative sanctions when they impose further deadlines and warn of dismissal).  Moreover, the Court is no stranger to Appellants' conduct and has already imposed monetary sanctions on Appellants in a different appeal.  *See In re Allana Baroni et. al.*, CV 23-1818-MWF, 2023 WL 4879843, at *14–15 (C.D. Cal. June 28, 2023).

Accordingly, this appeal is **DISMISSED** for failure to prosecute.

IT IS SO ORDERED.